**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00380-FDW
(3:02-cr-00158-FDW-1)**

| | |
|---|---|
| **TELLY SAVALAS ARMSTRONG,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|     **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Petition Pursuant to Rule 60(b)(6)." [Doc. 19].

On December 9, 2019, this Court denied and dismissed Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 15]. Petitioner was represented by the Federal Defenders of Western North Carolina in pursuing that relief. Petitioner, proceeding pro se, appealed the Court's Order to the Fourth Circuit Court of Appeals. [Doc. 17]. Recently, Petitioner filed the instant motion seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court "failed to take into account the 'actual innocence' claim concerning his charges and conviction (i.e. §924(c) issues)." [Doc. 19].

The Court does not have jurisdiction to adjudicate Petitioner's motion for relief under Rule 60(b). Generally, an appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. United States v. Modanlo, 762 F.3d 403, 408 (4th Cir. 2014). A district court does not regain jurisdiction until the issuance of the mandate by the appellate court. Id. As such, the Court will dismiss Petitioner's Rule 60(b) motion without prejudice so that Petitioner may refile it should his appeal be unsuccessful.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Petition Pursuant to Rule 60(b)(6)" [Doc. 19] is **DISMISSED WITHOUT PREJUDICE**.

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge